# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

**PATRICK M. O'NEILL,**

            **Petitioner,**

**v.**                                                                **Case No.  06-3062-JWL**

**L.E. BRUCE, et al.,**

            **Respondents.**

## MEMORANDUM & ORDER

On May 17, 2000, in the District Court of Harvey County, in Newton, Kansas, Patrick O'Neill pled no contest to, and was convicted of, one count of sexual intercourse with a child who is under 14 years of age, a felony in violation of K.S.A. § 21-3502.  Mr. O'Neill ultimately was sentenced to 155 months imprisonment.  He brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2554 (Doc. #1).  Although Mr. O'Neill alleges multiple violations of his constitutional rights, essentially he has three complaints: (1) he was denied effective assistance of counsel, and (2) the trial court erred in denying his motion to withdraw his no contest plea, (3) the prosecution withheld exculpatory evidence from him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and (4) his rights under *Miranda v. Arizona*, 384 US. 436 (1996), were violated. After thoroughly reviewing the parties' motions, briefs, and the underlying record, the court finds that the evidence clearly establishes Mr. O'Neill is entitled to no relief.  As such, his habeas application is denied.

## I.   Background

The following facts are taken from the factual basis provided by the State at Mr. O'Neill's plea hearing. On April 23, 2000, Mr. O'Neill was in the garage at his residence with his 12 year old daughter, S.O.N., when Mr. O'Neill asked her to sit on his lap facing him. Mr. O'Neill then made sexual contact with S.O.N.[1]  Mr. O'Neill's wife, Tina O'Neill, came to the window of the garage and saw her daughter straddling Mr. O'Neill's lap and rocking back and forth in a manner that suggested sexual intercourse. Ms. O'Neill broke a window to unlock the door and entered the garage. She removed her daughter and reported the incident to the police. Mr. O'Neill told Investigator Steve Bayless that he had sexual contact with S.O.N. but the penetration was only with the shaft of his penis. The degree of penetration is the only fact from the incident that Mr. O'Neill disputes.

At his plea hearing held on May 17, 2000, Kansas district judge Melvin Gradert accepted Mr. O'Neill's no contest plea. In exchange for his no contest plea, the State agreed not to bring any additional charges related to the ongoing nature of Mr. O'Neill's sexual conduct with his daughter. In response to questions posed by Judge Gradert at the plea hearing, Mr. O'Neill indicated that he understood the charge filed against him and had been advised of the possible penalties.[2]  Mr. O'Neill also confirmed that he understood his right to a preliminary hearing and

---

[1]The sexual contact between Mr. O'Neill and his daughter may be found in detail in the Kansas Court of Appeals decision, *Kansas v. O'Neill*, No. 86, 208 (November 15, 2002). The court sees no reason to repeat that description here.

[2]The plea hearing transcript indicates "No audible response" to many of the questions posed to Mr. O'Neill. However, it is later confirmed in the transcript that Mr. O'Neill had been nodding and that he answered "yes" to the questions.

agreed to waive that right, which Judge Gradert accepted as knowing and voluntary.  Mr. O'Neill agreed that he had gone over the complaint information with his attorney, Charles Prather, and that he wished to plead no contest.  Mr. O'Neill confirmed that he had previously met with Mr. Prather and that he had been counseled and advised of the nature of the charges and possible defenses.  Mr. O'Neill heard the factual basis against him and Mr. Prather stated that although his client may question some facts, there was no objection due to the no contest plea.  Mr. O'Neill attested that he was satisfied with the counseling and advice of his attorney, that he understood the court would not accept his plea if he maintained his innocence and that he still wished to plead no contest.  Mr. Prather stated that he had spoken to Mr. O'Neill at length that day and on two prior occasions and that he believed Mr. O'Neill understood the plea and the rights he was giving up.  Mr. O'Neil confirmed that his plea was his own free and voluntary act. Judge Gradert stated that Mr. O'Neill understood the nature of the charges against him and the possible sentence.  Consequently, Judge Gradert accepted the plea, concluding it was made freely and had a factual basis.  Judge Gradert then found Mr. O'Neill guilty of the rape charge.

On July 18, 2000, Mr. O'Neill filed a motion to withdraw his no contest plea and a hearing to assess the merits of that motion was held on July 20, 2000, before Kansas district judge Theodore Ice.  Mr. O'Neill, represented by court appointed attorney Kevin W. Loeffler, argued that due to ineffective assistance of counsel, his plea was not made voluntarily or knowingly.  Specifically, Mr. O'Neill alleged that Mr. Prather rushed him into the plea and did not adequately explain all the available evidence to him.  Mr. Prather testified that his plea discussion with Mr. O'Neill was rather rushed, but that the State intended to withdraw the plea

offer if it was not accepted that day.  After hearing testimony from Mr. O'Neill and Mr. Prather and reviewing the transcript from the plea hearing, Judge Ice denied Mr. O'Neill's motion, concluding that the plea was properly taken and that Mr. O'Neill was properly represented.  At the hearing, it was noted that S.O.N. may have tested positive for the herpes virus and the results of a DNA examination were not yet available.  Consequently, Judge Ice noted that the withdrawal issue may be revisited sometime in the future if new evidence was received that made a significant difference in the case.

Mr. O'Neill's sentencing hearing was held on September 5, 2000, before Judge Ice; Mr. O'Neill was once again represented by Mr. Loeffler.  The State and Mr. O'Neill moved for upward and downward departure, respectively.  Mr. O'Neill's motion was denied, but the State's motion was granted and the court imposed a sentence of 310 months.  Mr. O'Neill appealed the sentence, alleging that the trial court erred in denying his motion to withdraw his plea.

On August 27, 2001, the Kansas Court of Appeals remanded the appeal for an evidentiary hearing to determine whether there was newly discovered evidence sufficient to allow Mr. O'Neill to withdraw his plea.  A hearing regarding that issue was held on October 4, 2001, before Judge Ice.  Holly Alexander, a clinical scientist, testified that the test indicating the absence of the herpes virus in Mr. O'Neill was inconclusive, in that it neither proved nor disproved he had transmitted the virus to his daughter.  James Newman, a forensic scientist, testified that after comparing the DNA profile of Mr. O'Neill to vaginal swabs from S.O.N., there was no indication of Mr. O'Neill's DNA on the swabs and there was no semen on the swabs. Mr. Newman went on to state that the absence of Mr. O'Neill's DNA was inconclusive

because S.O.N.'s DNA profile could have covered up any other DNA profiles present, particularly when there are only trace amounts of biological matter. Mr. Newman also testified that, contrary to what Mr. O'Neill had stated in his motion, the results of the DNA analysis do not support the contention that a rape did not occur. Judge Ice ultimately ruled that although there was newly discovered evidence in the form of DNA and herpes tests, it was inconclusive and not likely to change the guilty conviction. Therefore, the court again denied Mr. O'Neill's motion to withdraw his plea. Mr. O'Neill appealed, alleging that the trial court erred in denying his motion to withdraw the no contest plea because the factual basis was insufficient and his plea was involuntary due to ineffective assistance of counsel. Mr. O'Neill also argued that the departure sentence of 310 months was unconstitutional.

On November 15, 2002, the Kansas Court of Appeals affirmed in part, reversed in part, and remanded for re-sentencing. First, the appeals court considered Mr. O'Neill's arguments regarding his no contest plea. The appeals court found that the factual basis for the plea recited all the elements of rape, including vaginal penetration, and used specific facts to support those elements. Accordingly, the appeals court concluded the factual basis was sufficient for the court to accept Mr. O'Neill's plea and therefore the trial court did not err in denying Mr. O'Neill's motion on that ground. The appeals court next considered Mr. O'Neill's ineffective assistance of counsel argument and found that the trial court did not err in finding that Mr. Prather's performance did not fall below the standard of reasonableness. The appeals court further found Mr. O'Neill failed to show that, but for Mr. Prather's alleged errors, he would have insisted on going to trial. Finally, the appeals court concluded that the upward departure scheme relied upon

by the trial court had been found unconstitutional by the Kansas Supreme Court and remanded the case for re-sentencing. Mr. O'Neill appealed and the Kansas Supreme Court denied review.

On May 1, 2003, Mr. O'Neill filed a petition for habeas corpus pursuant to K.S.A. § 60-1507, alleging that he should have been charged with the lesser charge of aggravated incest, not rape. Mr. O'Neill also filed another motion to withdraw his plea, making allegations of ineffective assistance of counsel similar to those made previously. On October 9, 2003, a hearing was held before Kansas district judge Richard Walker to resolve those two motions and to re-sentence Mr. O'Neill; Mr. O'Neill was represented by court appointed attorney Michael Walen. In deciding Mr. O'Neill's 60-1507 motion, Judge Walker found that the rape statute took precedence over the aggravated incest statute because the victim was under 16 years old and therefore Mr. O'Neill's arguments that he was mis-charged were unfounded. Judge Walker further found that Mr. O'Neill's ineffective assistance of counsel arguments were groundless to the extent they dealt with the alleged mis-charge and that all other ineffective assistance arguments were barred by res judicata because they were duplicative of his previous arguments which had been considered and decided. Judge Walker also denied Mr. O'Neill's motion to withdraw the no contest plea on grounds of res judicata because Mr. O'Neill presented no new arguments. Judge Walker entered a new sentence of 155 months.

Mr. O'Neill appealed this decision and on July 1, 2005, the Kansas Court of Appeals once again affirmed the trial court's opinion. The appeals court found that Mr. O'Neill's arguments regarding the motion to withdraw his plea and the claims of ineffective assistance of counsel had been addressed in their previous decision from November 2002. The appeals court also stated

6

that Mr. O'Neill continued to raise the same issues, and that any new issues should have been raised in the initial appeal. The appeals court again held that the trial court did not abuse its discretion in denying Mr. O'Neill's motion to withdraw his plea and that he received proper representation during the plea hearing. The appeals court also affirmed the trial court's decision that Mr. O'Neill was properly charged. Mr. O'Neill appealed that decision to the Kansas Supreme Court and was once again denied review.

Mr. O'Neill filed this pro se petition for federal habeas relief on March 1, 2006. Therein, he asserts a myriad of claims, which the court will address in four sections: (1) ineffective assistance of counsel, (2) denial of motion to withdraw plea, (3) *Brady* violation, and (4) *Miranda* violation.

## II.    Legal Standard

Because Mr. O'Neill filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA govern this case. *Jackson v. Ray*, 390 F.3d 1254, 1259 (10th Cir. 2004), cert. denied, 126 S.Ct. 61 (2005). The AEDPA "circumscribes a federal habeas court's review of a state-court decision." *Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (quotations omitted). This court cannot grant federal habeas relief unless the state courts's adjudication of the claims either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (citing 28 U.S.C.

§ 2254(d)).

The Supreme Court has determined that the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 412-13.  A state court's failure to cite the proper Supreme Court precedent does not dictate that the state court's decision is contrary to clearly established federal law; in fact, "the state court need not even be aware of our precedents; 'so long as neither the reasoning nor the result of the state-court decisions contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).  "Under the 'unreasonable application' clause, . . . the relevant inquiry is not whether the state court's application of federal law was incorrect, but whether it was 'objectively unreasonable.'" *Anderson*, 327 F.3d at 1153 (citing *Williams*, 529 U.S. at 409); *see also Wiggins v. Smith*, 539 U .S. 510, 520 (2003)(same).  Legal principles are "clearly established" for purposes of AEDPA review when the holdings of Supreme Court decisions as of the time of the relevant state-court decision establish those principles.  *See Yarborough v. Alvarado*, 541 U.S. 652, 661 (2004).

The AEDPA also substantially restricts the scope of federal habeas review of state court findings of fact.  This court must presume "that factual determinations made by the state court are correct, and the petitioner bears the burden of rebutting this presumption with clear and convincing evidence." *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003)(citing §

2254(e)(1)); *see also Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002)). "This presumption does not extend to legal determinations or to mixed questions of law and fact." *Id.* (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178-79 (10th Cir. 2000)). "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.'" *Id.* (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)). "Ultimately, . . . review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard for evaluating state-court rulings." *Anderson*, 327 F.3d at 1152.

## III.   Analysis

The court has determined that an evidentiary hearing is not appropriate in this case because Mr. O'Neill has failed to show that "so long as his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 858 (10th Cir. 2005). As explained below, the record, briefs, and pleadings clearly establish that Mr. O'Neill is not entitled to federal habeas corpus relief. With respect to his arguments concerning ineffective assistance of counsel and the denial of his motion to withdraw his plea, the state courts identified the correct governing legal principles, did not unreasonably apply those principles to the facts of the case, and Mr. O'Neill has not presented clear and convincing evidence to rebut the state courts' factual findings. The court finds that Mr. O'Neill's *Brady* violation argument is without merit. Finally, Mr. O'Neill has failed to exhaust state remedies with respect to his *Miranda* violation argument, and therefore that claim is procedurally defaulted. As such, Mr. O'Neill's application for federal

habeas relief is denied.

A.      *Ineffective Assistance of Counsel*

The bulk of Mr. O'Neill's allegations pertain to his claim of ineffective assistance of counsel.  He argues that his attorney at the plea hearing, Mr. Prather, erred in the following ways: discussed the plea with Mr. O'Neill in a coercive setting and hurried him into the plea, rendering his plea involuntary and unknowing; failed to fully investigate the medical evidence; did not fully discuss the results of the sexual assault kit with Mr. O'Neill; withheld favorable evidence from Mr. O'Neill; failed to ask for a continuance until results of the DNA and herpes tests were available; and failed to argue that Mr. O'Neill was wrongly charged with rape instead of the lesser charge of aggravated incest.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  Under *Strickland*, Mr. O'Neill must first demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688.  "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).

Second, Mr. O'Neill "must show that counsel's deficient performance prejudiced the defense . . . ." *Le v. Mullin*, 311 F.3d 1002, 1024-25 (10th Cir. 2002).  Under this prong, Mr. O'Neill must demonstrate that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* at 1025 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bullock*, 297 F.3d at 1044. The court "may address the performance and prejudice components in any order, but need not address both if [Mr. O'Neill] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998). In sum, Mr. O'Neill bears the burden to expose "'the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.'" *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). In the context of a guilty plea, a petitioner satisfies the prejudice inquiry by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 1072 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The Kansas Court of Appeals, in its November 15, 2002 opinion, already addressed the merits of Mr. O'Neill's argument that Mr. Prather's ineffective assistance rendered his plea involuntary and unknowing. Therefore, the AEDPA confines this court's review to the question of whether the appeals court's decision involved an unreasonable application of *Strickland* and *Hill* or whether it was an unreasonable determination of the facts in light of the evidence presented.

In evaluating the reasonableness prong of the *Strickland* test, the appeals court noted that although Mr. Prather met with Mr. O'Neill for just thirty minutes before the plea hearing, he had discussed the case with Mr. O'Neill on two prior occasions. The appeals court also noted that Mr. Prather had discussed the potential additional charges, waiver of the preliminary hearing,

and entering the plea with Mr. O'Neill and that Mr. Prather testified that Mr. O'Neill's plea was made knowingly and voluntarily.  Additionally, the appeals court stated that the following findings of the trial court had substantial support in the evidence: Mr. Prather was an experienced trial attorney who had handled numerous criminal cases, Mr. Prather properly represented Mr. O'Neill,  and Mr. Prather had adequately explained Mr. O'Neill's rights to him. Consequently, the appeals court found the trial court did not err in determining that Mr. Prather's performance satisfied the reasonableness prong of *Strickland*. Clearly this was not an unreasonable application of *Strickland* nor was it an unreasonable determination of the facts in light of the evidence presented.

The appeals court went on to find that Mr. O'Neill had failed to satisfy the prejudice prong of *Strickland* because, as required by *Hill*, Mr. O'Neill had failed to show that but for Mr. Prather's alleged errors, Mr. O'Neill would have insisted on going to trial.  In doing so, the appeals court noted that Mr. O'Neill had admitted to sexual contact with his daughter and he faced additional charges if he went to trial.  Mr. O'Neill had not satisfactorily explained to the court why he would have gone to trial despite the risk of greater punishment.  Accordingly, the appeals court ultimately found the trial court did not abuse its discretion in finding Mr. O'Neill's no contest plea was made voluntarily and knowingly, and therefore denying Mr. O'Neill's motion to withdraw his plea due to ineffective assistance of counsel.  Again, the court finds this was not an unreasonable application of *Strickland* nor was it an unreasonable determination of the facts in light of the evidence presented.

Of his remaining claims regarding ineffective assistance, Mr. O'Neill failed to raise the

following in his first appeal to the Kansas Court of Appeals, but included them in his second appeal, which was decided July 1, 2005: Mr. Prather failed to fully discuss the results of the sexual assault kit with Mr. O'Neill, withheld favorable evidence from Mr. O'Neill, and failed to ask for a continuance until the results of the DNA and herpes tests were available.  The appeals court held that to the extent Mr. O'Neill stated any new claims in his second appeal, they should have been included in the first appeal and therefore were barred.  The appeals court stated it had considered the issues raised on appeal at great length and Mr. O'Neill had not presented any new information to alter the previous findings.  The appeals court went on to re-iterate its previous holdings that the trial court had not abused its discretion in denying Mr. O'Neill's motion to withdraw his plea and that Mr. O'Neill had received effective assistance of counsel. Quoting *State v. Collier*, 263 Kan. 629, 952 P.2d 1326 (1998), the appeals court ultimately held that it need not revisit the same issue once it had already been decided.

Clearly, neither of the Kansas Court of Appeals opinions were unreasonable in finding Mr. Prather's assistance to Mr. O'Neill during the plea process was not deficient.  The appeals court was not unreasonable in relying upon the plea hearing transcripts and Mr. Prather's testimony in finding that Mr. O'Neill made his plea knowingly and voluntarily.  Furthermore, that finding is substantially supported by the record.  Although Mr. O'Neill continuously attempted to present creative twists on the same arguments, it was not unreasonable for the appeals court to find his "new" allegations did nothing to alter their previous holding that he was not denied effective assistance of counsel. Finally, particularly in light of the strong factual basis presented by the State and the additional charges he faced if he pled not guilty, the appeals court

was not unreasonable in determining that  Mr. O'Neill failed to show that but for Mr. Prather's alleged errors, he would have gone to trial.  Accordingly, the court finds that the Kansas Court of Appeals did not unreasonably apply *Strickland* nor did it make an unreasonable determination of the facts in light of the evidence presented.

Even if the Kansas Court of Appeals erred in not specifically addressing each of the new contentions Mr. O'Neill raised in his second appeal, the court finds they are entirely without merit.  Mr. O'Neill's allegations that Mr. Prather failed to fully discuss the results of the sexual assault kit with Mr. O'Neill, withheld favorable evidence from Mr. O'Neill, and failed to ask for a continuance until the results of the DNA and herpes tests were available do not indicate performance that falls below *Strickland*'s objective standard of reasonableness.  In his meeting with Mr. O'Neill before the plea hearing, Mr. Prather told Mr. O'Neill that the sexual examination kit "indicated the presence of semen."  Mr. O'Neill contends that because later tests showed the absence of semen, Mr. Prather failed to fully discuss the results of the kit with him and withheld favorable evidence from him.  However, those tests were not completed at the time of the plea hearing and Mr. Prather shared with Mr. O'Neill what limited information was available.  Clearly this was not unreasonable behavior on Mr. Prather's part.

Furthermore, it was not unreasonable for Mr. Prather not to ask for a continuance.  The State had offered Mr. O'Neill an extremely generous deal, but that offer would only be available for a limited time.  Considering the fact that Mr. O'Neill would potentially face six to eight additional counts related to sexual conduct with his daughter and in light of the statements given by his daughter and his wife, it was reasonable for Mr. Prather to encourage Mr. O'Neill to

accept the State's offer on the spot.  Consequently, Mr. O'Neill has failed to prove Mr. Prather's assistance was ineffective because he cannot show a violation of the reasonableness prong of *Strickland*.

Moreover, Mr. O'Neill cannot satisfy the prejudice prong, as required for an ineffective assistance of counsel claim under *Strickland*.  As stated above, in the context of a guilty plea, *Hill* requires the defendant to show that but for the errors of counsel, he would not have pled guilty.  *Hill*, 474 U.S. at 59.  The Tenth Circuit has held that "a petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief."  *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001)(citing *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1994)).  Rather, the court must examine "the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial."  *Id*. (citations omitted).  After examining the factual circumstances surrounding Mr. O'Neill's plea, this court concludes that Mr. O'Neill has failed to satisfactorily explain why he would have insisted on going to trial to face additional counts, substantially greater prison time, and extremely incriminating testimony from his daughter and wife rather than plead no contest to one count of rape.  Accordingly, the court concludes that Mr. O'Neill has failed to establish either of the requirements from *Strickland* and he is not entitled to federal habeas relief with respect to these claims.

Mr. O'Neill also argues that he was denied effective assistance of counsel because Mr. Prather failed to inform him he should have been charged with the lesser offense of aggravated incest rather than rape, relying on a discrepancy between the Kansas incest and rape statutes.

15

However, as both the trial court and Kansas Court of Appeals held, the discrepancy had been resolved and Mr. O'Neill was properly charged because the Kansas incest statutes do not apply to sexual conduct with a 12 year old victim.  In light of the state courts' clear determination that Mr. O'Neill was not mis-charged under the Kansas statutes, the court finds that Mr. Prather was not unreasonable in not raising this argument.  Accordingly, Mr. O'Neill was not denied effective assistance of counsel and is denied federal habeas relief with respect to this claim.

B.      *Denial of Mr. O'Neill's Motion to Withdraw His Guilty Plea*

In support of his contention that the state court erred in refusing to allow him to withdraw his no contest plea, Mr. O'Neill argues that he lacked effective assistance of counsel, his motion should have been granted based on results of the DNA evidence pursuant to K.S.A. § 21-2512, his ignorance of the evidence in the case rendered his plea unknowing and involuntary, and the factual basis was insufficient to support his plea.  The ineffective assistance of counsel claim is discussed above.

1.      Results of  DNA evidence

Mr. O'Neill argues that the trial court erred in not allowing him to withdraw his guilty plea, pursuant to K.S.A. § 21-2512,  based on the DNA results revealed at the hearing held on October 4, 2001.  The court declines to address the merits of this question because it involves a Kansas state statute, not an application of federal law, and therefore is not appropriate for federal habeas review.  *See Burleson v. Saffle*, 278 F.3d 1136, 1140 (10th Cir. 2002)(quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))("'[F]ederal habeas review does not lie for errors of

state law[.]'").

2.      Knowing and Voluntary Plea

On habeas review, this court may set aside a state court guilty plea only if the plea failed to satisfy due process. *Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996); *Miles v. Dorsey*, 61 F.3d 1459, 1465 (10th Cir. 1995). A guilty plea comports with due process if the defendant entered the plea voluntarily and intelligently. *Cunningham*, 92 F.3d at 1060 (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). The plea must have been knowing and the product of a deliberate, intelligent choice, and the defendant must have had "'a full understanding of what the plea connotes and of its consequences.'" *Id.* (quoting *Boykin*, 395 U.S. at 244). The court must uphold the state court guilty plea "if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and the defendant voluntarily chose to plead guilty." *Id.*; accord *Miles*, 61 F.3d at 1465.

Mr. O'Neill's argument that his plea was not voluntary and knowing rests on his assertion that had he known the results of the sexual assault examination test, the DNA test, and the herpes test, he would not have agreed to the plea. Mr. O'Neill apparently believes had he gone to trial rather than agreed to plea, the inconclusiveness of these tests would have allowed him to escape conviction. However, the voluntariness and knowingness required of guilty pleas refers to the "nature and consequences of the charges," not the nature of the prosecution's evidence in the case. "A plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005)(citing *Brady v. United States*, 397 U.S. 742, 757 (1970); *Mabry v. Johnson*, 467 U.S.

504, 508 (1984)).  Any shortcomings of Mr. O'Neill's deal with the prosecution cast doubt on the validity of his plea only to the extent he shows he made the plea on the constitutionally defective advice of counsel.  *Id*. (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The ineffective assistance of counsel claim is discussed above.

This court notes that at the plea hearing, in response to questions asked by the trial court, Mr. O'Neill stated he had sufficient time to talk to his attorney, he understood the charge against him, he understood the possible penalties, he understood the rights he was giving up by waiving a preliminary hearing, he had gone over the complaint information with his attorney, he understood that by pleading guilty he admitted the truth of the material facts, that he wanted to plead no contest, that he had fully informed his attorney of the facts and circumstances of the case, that he had been counseled on the nature of the charges, that he understood the rights he was waiving, that he was satisfied with the advice of his attorney, and that the plea was his own free and voluntary act.  Additionally, Mr. O'Neill's attorney from the plea hearing testified that Mr. O'Neill's plea was made knowingly and voluntarily.  Furthermore, at the motion to withdraw hearing, Judge Ice found that at the plea hearing, Mr. O'Neill had shown the ability to clarify what he didn't understand by asking his attorney when he was confused.   Judge Ice relied on all of  these facts when denying Mr. O'Neill's motion to withdraw his guilty plea, finding that his plea was knowing and voluntary.

The Kansas Court of Appeals addressed Mr. O'Neill's argument that his plea was involuntary and unknowing in the context of his ineffective assistance of counsel claims. The appeals court found that the district court had not abused its discretion in refusing to allow Mr.

O'Neill to withdraw his plea because Mr. Prather's assistance was not constitutionally defective under *Strickland* and thus did not render Mr. O'Neill's plea involuntary and unknowing.

The record supports the conclusion that Mr. O'Neill "understood the nature and consequences of the charges and the defendant voluntarily chose to plead guilty," which requires this court to uphold the state court plea. *See Cunningham*, 92 F.3d at 1060.  Therefore, the court concludes that the state court findings that Mr. O'Neill's plea was knowing and voluntary are not contrary to a conclusion reached by the Supreme Court nor are they an objectively unreasonable application of federal law.  Mr. O'Neill's claim that he should have been allowed to withdraw his plea because it was involuntary and unknowing is denied.

3.     Factual Basis

Mr. O'Neill also argues that the state court erred in allowing him to withdraw his no contest plea because the factual basis presented at the plea hearing was inadequate to support the plea. The appeals court previously addressed this issue and denied relief, readily concluding that a sufficient factual basis existed for Mr. O'Neill's plea of no contest to rape.

The court declines to address the merits of this claim, as it is not cognizable on a federal habeas petition. As the Tenth Circuit has explained:

> Controlling federal case law teaches that the requirement of a factual basis for a
>
> guilty plea is not rooted in the federal Constitution; therefore, it is not redressable
>
> under 28 U.S.C. § 2254. Although the lack of a factual basis would violate Rule
>
> 11 of the Federal Rules of Criminal Procedure, Rule 11 does not apply in state
>
> court. Indeed, the necessity for a factual basis to support a guilty plea in a state

court proceeding is a matter of state, not federal, law.

*Berget v. Gibson*, 1999 WL 586986, at *5 (10th Cir. Aug. 5, 1999); accord *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971) (rejecting petitioner's argument that the provision of Federal Rule of Criminal Procedure 11 requiring that the court determine that there is a factual basis for the plea before entering judgment on it applies to state proceedings; "[t]his Federal procedural provision is not binding on the State Courts, . . . and there is no constitutional mandate for it."); *see also Sena v. Romero*, 617 F.2d 579, 581 (10th Cir. 1980) ("[Petitioner's] contention that the absence of a record showing a factual basis for his plea is an independent ground for invalidating the plea, is without merit.").

In *Berget*, the petitioner claimed that the state trial court violated his due process rights when it accepted his guilty plea to first-degree murder without an adequate factual basis. *See Berget*, 1999 WL 586986, at *4.   The federal district court concluded the claim was not cognizable on a federal habeas petition and the Circuit agreed that the issue was not justiciable. *Id*.   Similarly, in *Glasper v. Tulsa County District Court*, 1995 WL 578983, at *3 (10th Cir. Sept. 26, 1995), the petitioner attempted to challenge the voluntary nature of his plea by arguing that the state court failed to ensure that there was a factual basis for his plea.   The federal district court held that the "lack of a factual basis for a state plea is not a federal constitutional claim, and therefore, it is not cognizable in this habeas corpus action."   *See id*.   The Circuit affirmed. *See id*.   The same result is compelled here.   Mr. O'Neill asserts a violation of his constitutional rights on the grounds that the factual basis was insufficient to support his plea.   The lack of a factual basis, however, is not redressable under § 2254 and the court declines to address the

merits of this claim.[3]

C.     *Brady violation*

Mr. O'Neill also argues that the prosecution withheld exculpatory evidence from him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Specifically, he argues that the prosecution withheld the results of the sexual assault kit, which indicated that S.O.N. had suffered "no acute injuries."  This argument was made in his brief to the Kansas Court of Appeals but was not addressed.  The court determines this argument is without merit.  Although the Tenth Circuit has held that "under certain limited circumstances, the prosecution's violation of *Brady* can render a defendant's plea involuntary," this is not one of those circumstances.  *United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994).

To establish a *Brady* violation, a defendant must demonstrate "(1) the prosecutor suppressed evidence; (2) the evidence was favorable to the defendant as exculpatory or impeachment evidence; and (3) the evidence was material."  *Gonzales v. McKune*, 247 F.3d 1066, 1075 (10th Cir. 2001).  The court finds that Mr. O'Neill has failed to establish the first requirement that the prosecutor suppressed the evidence.  In fact, the record clearly indicates that Mr. O'Neill's attorney had a copy of the results of the sexual assault kit.  At the motion to withdraw hearing, Mr. Prather testified that he relayed the results of the sexual assault kit that were available to Mr. O'Neill in their meeting before the plea was entered.  Accordingly, the

---

[3]State courts are constitutionally required to establish a factual basis for a plea only when the defendant protests his innocence at the time the plea is entered. *See Berget*, 1999 WL 586986, at *5-6 (citing cases).  The record reflects that Mr. O'Neill did not maintain his innocence at the time he entered his plea.

prosecution did not withhold evidence from Mr. O'Neill and if he has any argument on this issue, it is with respect to ineffective assistance of counsel, which is discussed above.

D.    *Miranda violation*

For the first time in this federal habeas petition, Mr. O'Neill argues that he was questioned in custody without receiving his *Miranda* rights.  Because  Mr. O'Neill did not present this claim at the state court level, he has failed to exhaust his available state court remedies.  *See Cannon v. Gibson*, 259 F.3d 1253, 1265 (10th Cir. 2001).  The Supreme Court has held that if a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred" the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief.  *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Although Kansas does not absolutely prohibit second or successive petitions for post-conviction relief, *see* K.S.A.. § 60-1507(c), any petition for post-conviction relief must be brought within one year of: (1) The final order of the last appellate court in [Kansas] to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.  *Juiliano v. Bruce*, 2006 WL 466493 (10th Cir. Feb.28, 2006) (quoting K.S.A. § 60-1507(f)).  This statute of limitations became effective on July 1, 2003. *See id*. (citing *Hays v. Kansas*, 34 Kan.App.2d 157, 115 P.3d 162, 165 (Kan.App.2005)).    Accordingly, Mr. O'Neill had one year from the final Kansas Court of

22

Appeals decision, July 1, 2005, to bring his *Miranda* complaint in Kansas state court; clearly that deadline has passed.  Consequently, a return to Kansas courts now would be futile.  *See Juliano*, 2006 WL 466493, at *5.  The claim is therefore defaulted and the court will not address the merits. *See id.*  (citing *Coleman*, 501 U.S. at 750).

## IV.   Conclusion

For the reasons explained above, the court denies Mr. O'Neill's habeas petition.


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. O'Neill's habeas petition (Doc. #1) is denied.

**IT IS SO ORDERED.**


Dated this 27th  day of October, 2006


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

23