# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PATRICK M. O'NEILL,**

    **Petitioner,**

    v.                                             Case No. 06-3062-JWL

**L.E. BRUCE, et al.,**

    **Respondents.**

_____

## ORDER

On October 27, 2006, the court entered judgment denying petitioner Patrick O'Neill's petition for habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on petitioner's application for a certificate of appealability (doc. #20). To obtain a COA, Mr. O'Neill must make "'a substantial showing of the denial of a constitutional right.'" *See Warnick v. Booher*, 425 F.3d 842, 846 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). "'Where a district court has rejected the constitutional claims on the merits,' the prisoner 'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id*. (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In other words, Mr. O'Neill "must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Shipley v. Oklahoma*, 313 F.3d 1249, 1250-51 (10th Cir. 2002) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In Mr. O'Neill's petition, he sought habeas relief on multiple grounds. First, he argued that he was denied effective assistance of counsel during the plea process because his attorney: discussed the plea with him in a coercive setting and hurried him into the plea, rendering his plea involuntary and unknowing; failed to fully investigate the medical evidence; did not fully discuss the results of the sexual assault kit with him; withheld favorable evidence from him; failed to ask for a continuance until the results of medical tests were available; and failed to argue that he was wrongly charged with rape instead of the lesser charge of aggravated incest. In denying Mr. O'Neill habeas relief on this claim, the court found that the record, briefs, and pleadings clearly established that he was entitled to no federal habeas relief because the Kansas Court of Appeals identified the correct legal principle from *Strickland v. Washington*, 466 U.S. 668 (1984), its finding that Mr. O'Neill was not denied effective assistance of counsel was not an unreasonable application of those legal principles, and Mr. O'Neill had not presented clear and convincing evidence to rebut any of the state court's factual findings.

In Mr. O'Neill's application for a COA, he has largely reiterated the arguments he already raised in his habeas petition, all of which the court rejected based on controlling Supreme Court and Tenth Circuit precedent.[1] Accordingly, the court has no difficulty

---

[1] Mr. O'Neill raises one new argument with respect to his ineffective assistance of counsel claim. The court declines to address the merits of this argument because Mr. O'Neill failed to raise it previously.

2

concluding that he has not demonstrated that reasonable jurists could debate whether (or, for that matter, agree that) his petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

The second argument that Mr. O'Neill raised in his habeas petition was that the state court erred in denying his motion to withdraw his no contest plea. In support of this argument, Mr. O'Neill contended he should have been allowed to withdraw his plea because it was involuntary and unknowing. Once again, in denying Mr. O'Neill habeas relief on this claim, the court found that the record, briefs, and pleadings clearly established that he was entitled to no federal habeas relief. The Kansas Court of Appeals identified the correct legal principle, its affirmation of the trial court's denial of Mr. O'Neill's motion to withdraw his plea was not an unreasonable application of those legal principles, and Mr. O'Neill had not presented clear and convincing evidence to rebut any of the state court's factual findings. The court concludes that Mr. O'Neill's application for COA fails to demonstrate that reasonable jurists would find the court's assessment of this claim debatable or wrong.

Mr. O'Neill also argued he should have been allowed to withdraw his guilty plea because it lacked a factual basis and because of the implications of a Kansas state statute. The court declined to address the merits of the argument regarding the factual basis of the plea because it is not cognizable on a federal habeas petition. *See Berget v. Gibson*, 1999 WL 586986, at *5 (10th Cir. Aug. 5, 1999) ("Controlling federal case law teaches that the requirement of a factual basis for a guilty plea is not rooted in the federal Constitution; therefore, it is not redressable under 28 U.S.C. § 2254.") The court also declined to reach

3

the merits of Mr. O'Neill's argument respecting the Kansas state statute because it is not appropriate for federal habeas review. *See Burleson v. Saffle*, 278 F.3d 1136, 1140 (10th Cir. 2002)(quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))("'[F]ederal habeas review does not lie for errors of state law[.]'").

The third argument that Mr. O'Neill raised in his habeas petition was that the prosecution withheld exculpatory evidence from him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Kansas Court of Appeals did not address this argument, but this court concluded that Mr. O'Neill was not entitled to federal habeas relief on that claim because the record indicated that the prosecution had not in fact withheld any evidence from him, which is one of the elements necessary to establish a *Brady* violation. *See Gonzales v. McKune*, 247 F.3d 1066, 1075 (10th Cir. 2001). Accordingly, the court concludes that reasonable jurists could not debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Mr. O'Neill's final argument was that he had been questioned in violation of his rights under *Miranda v. Arizona*, 384 US. 436 (1996). The court declined to address this argument because Mr. O'Neill did not present the claim at the state court level and therefore he failed to exhaust his available state court remedies. *See Cannon v. Gibson*, 259 F.3d 1253, 1265 (10th Cir. 2001). Consequently, the court found this claim defaulted because the Kansas statute of limitations had expired. *Juiliano v. Bruce*, 2006 WL 466493, at *5 (10th Cir. Feb.28, 2006). With respect to this claim, Mr. O'Neill has failed to demonstrate that

reasonable jurists would find the court's assessment debatable or wrong.

For the foregoing reasons, the court declines to issue a certificate of appealability.


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. O'Neill's application for a certificate of appealability (doc. #20) is denied.


**IT IS SO ORDERED** this 8th day of November, 2006.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge